# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED
NOV 14 2008
William B. Guthrie
Clerk, U.S. District Court
By_____
Deputy Clerk

DENNIS D. JACKSON, )
)
Petitioner, )
)
v. ) Case No. CIV 07-323-RAW-KEW
)
JIM KEITH, Warden, )
)
Respondent. )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus. Petitioner, an inmate currently incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, attacks his conviction in Okmulgee County District Court Case No. CF-2003-244 for Trafficking in Illegal Drugs, After Former Conviction of Two or More Felonies. He raises the following grounds for relief:

I. Ineffective assistance of counsel regarding the sufficiency of the Information affidavit that provided the basis for the search warrant and the failure to request disclosure and testing of the controlled substance.

II. Prosecutorial misconduct when defense counsel's conduct was equated to O.J. Simpson's defense counsel.

III. Insufficient evidence of the element of "possession" of controlled substance.

IV. Excessive and unconstitutional life sentence.

V. Ineffective assistance of appellate counsel.

The respondent alleges petitioner has failed to exhaust the state court remedies for all his habeas grounds, so this petition should be denied as mixed. Petitioner has not responded

to the respondent's motion to dismiss.

The record shows that petitioner did not raise Ground III (insufficient evidence of Possession of Controlled Substance) or Ground IV (excessive and unconstitutional life sentence) in his direct appeal or his post-conviction appeal. Furthermore, he has failed to explain why these issues were not raised to the state's highest court.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction, until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

A district court has two options when faced with a "mixed" petition containing both exhausted and unexhausted claims. One option is to require the petitioner to exhaust all his claims in state court before bringing the petition. *See Rose*, 455 U.S. at 510 (instructing a district court to dismiss without prejudice and allow the petitioner to refile once the claims are exhausted); *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (if a court is concerned about the

prisoner's meeting AEDPA's one-year filing requirement, and if "there was good cause for the petitioner's failure to exhaust his claims first in state court," the court can decline to dismiss the matter and issue a stay and abeyance of the petition, while the petitioner exhausts his state court remedies.). The second option it to deny the entire petition on the merits, notwithstanding failure to exhaust, if the court is convinced the unexhausted claim is without merit, or that the issue is easily resolvable against the petitioner. *See* 28 U.S.C. § 2254(b)(2).

Here, the court finds petitioner has not shown good cause for his failure to exhaust, and there is no indication his unexhausted claims potentially are meritorious. *See Rhines*, 544 U.S. at 278. Therefore, a stay and abeyance of the petition is not appropriate.

**ACCORDINGLY,** the respondent's motion to dismiss for failure to exhaust state court remedies [Docket #12] is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this _14th_ day of November 2008.

_Ronald A. White_
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**